889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby BAKER, Petitioner
v.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3178.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, District Judge*.
 
 ORDER
 
 2
 In response to the Benefits Review Board's (BRB) decision to affirm the Administrative Law Judge's (ALJ) denial of benefits, Claimant, by and through her son, requested the initiation of proceedings to modify the final decisions issued by the ALJ and the BRB. This request, however, was denied because Claimant failed to produce new evidence showing a mistake in the ALJ's calculation of 23, rather than 25, years of coal mine employment. On Claimant's request, this matter was referred to the Office of Administrative Law Judges for a hearing. On March 18, 1987, the ALJ granted Defendant's motion for summary judgment against Claimant, holding that Claimant's request for modification must be denied pursuant to 20 C.F.R. Sec. 725.465(a)(3) as a matter of law because Claimant had failed to submit any new evidence concerning the length of coal mine employment. The BRB affirmed this decision.
 
 
 3
 Claimant appeals the decision of the ALJ, affirmed by the BRB, claiming that the ALJ erred as a matter of law in applying 20 C.F.R. Sec. 725.465(a)(3) to her claim. Defendant agrees that the ALJ erred in rejecting claimant's modification request merely because it was unaccompanied by new evidence and that the BRB erred in affirming the ALJ's decision. We agree with the parties and adopt the reasoning set forth in Defendant's brief as the basis for our decision.
 
 
 4
 We interpret 20 C.F.R. Sec. 725.465(a)(3) as intending "to effectuate 20 C.F.R. Sec. 725.309(c) and (d), which provide that a subsequent claim filed too late to constitute a 20 C.F.R. Sec. 725.310 request for modification must be denied on the basis of an earlier denied claim unless new evidence establishes that a 'material change in conditions' has occurred." Defendant's Brief at 8. A review of the legislative history suggests that:
 
 
 5
 Contrary to the ALJ's and BRB's view of the regulation, 20 C.F.R. Sec. 725.465(a)(3) applies only in situations where a prior claim has been denied, the time for modification has passed, and a new claim has been filed. The regulation is not intended to impinge upon the right of any party to timely request modification on the basis of an alleged mistake of fact and have the deputy commissioner further reflect on the evidence initially submitted.
 
 
 6
 Defendant's Brief at 10.
 
 
 7
 Accordingly, the BRB's affirmance of the ALJ's summary dismissal of Claimant's modification request must be vacated and the case must be remanded to the ALJ in order that he may determine whether the evidence of record demonstrates a mistake in the calculation of the deceased miner's coal mine employment pursuant to 20 C.F.R. Sec. 725.310(a).
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation